**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone: (973) 644-0770
Attorney of record: Philip D. Stern
Attorneys for Plaintiff, Karl W. Krug

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARL W. KRUG,<br><br>    Plaintiff,<br><br>vs.<br><br>SUPERIOR ASSET MANAGEMENT, INC., a Georgia Corporation; and ARROW FINANCIAL SERVICES, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff, Karl W. Krug, by way of Complaint against the Defendant, says:

### I. PARTIES

1. KARL W. KRUG ("KRUG") is a natural person who, at all times relevant to this complaint, resided in the Township of Millville, Cumberland County, New Jersey and is a citizen of the State of New Jersey.

2. At all times relevant to this complaint, SUPERIOR ASSET MANAGEMENT, INC. ("SUPERIOR ASSET") is a Georgia for-profit

pds1508

corporation, which is registered as a foreign business entity in the State of New Jersey, and whose principal place of business is located at 1000 Abernathy Road NE, Suite 400, Atlanta, Georgia.

3.     At all times relevant to this complaint, ARROW FINANCIAL SERVICES, LLC ("ARROW") is a Delaware for-profit Limited Liability Company, which is registered as a foreign business entity in the State of New Jersey, and whose principal place of business is located at 5996 West Touhy Avenue, Niles, Illinois.

## II.  JURISDICTION & VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1367(a).

5.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because SUPERIOR ASSET resides in the State of New Jersey within the meaning of 28 U.S.C. §1391(b) and (c).

## III.  PRELIMINARY STATEMENT

6.     KRUG brings this action for the unlawful practices of SUPERIOR ASSET and ASSET who used false, deceptive and misleading practices, and other unlawful practices, in connection with their attempts to collect alleged debts from

pds1508

KRUG. KRUG alleges that the SUPERIOR ASSET's conduct violated, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*. ("NJCFA"), and the implied covenant of good faith and fair dealing.

7.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

8.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

pds1508

9.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

10.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

11.    To prohibit "sharp practices," the NJCFA declares as an unlawful practice, the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or

omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby." N.J.S.A. 56:8-2.

12.     At N.J.S.A. 56:8-1(c), the NJCFA defines "merchandise" as including "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale," and includes the extension of credit.

13.     KRUG seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## IV.  FACTS

14.     Sometime prior to August 7, 2008, KRUG allegedly incurred a financial obligation to HSBC Card Services ("HSBC Obligation").

15.     The HSBC Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     ARROW contends that the Krug Obligation is in default.

17.     SUPERIOR ASSET contends that the Krug Obligation is in default.

18.     The HSBC Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19.     KRUG is, at all times relevant to this complaint, a "consumer" as that

pds1508

term is defined by 15 U.S.C. § 1692a(3).

20.    KRUG is informed and believes, and on that basis alleges, that sometime prior to August, 2008, the original creditor of the HSBC Obligation either directly or through intermediate transactions sold the debt to ARROW for collection.

21.    ARROW uses any instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts alleged to have been incurred, for personal, family, or household purposes. Alternatively, ARROW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another in which such debts are alleged to have been incurred, for personal, family, or household purposes.

22.    ARROW is a leading purchaser of performing and non-performing consumer debts, which are in default at the time the debts are acquired.

23.    In connection with its debt servicing operations, ARROW outsources its collection activities to other collection agencies, such as SUPERIOR ASSET.

24.    ARROW is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.    KRUG is informed and believes, and on that basis alleges, that sometime prior to August 7, 2008, ARROW either directly or through intermediate transactions assigned, placed, or transferred the HSBC Obligation to SUPERIOR ASSET for collection.

pds1508

26.     SUPERIOR ASSET uses any instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts alleged to have been incurred, for personal, family, or household purposes. Alternatively, ARROW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another in which such debts are alleged to have been incurred, for personal, family, or household purposes.

27.     SUPERIOR ASSET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.     Within the one year immediately preceding the filing of this complaint, SUPERIOR ASSET contacted KRUG via telephone in an attempt to collect the Obligation.

29.     Within the one year immediately preceding the filing of this complaint, Krug received at least one "live" telephonic voice messages ("Messages") on his home telephone answering machine.

30.     By way of example, on August 7, 2008, KRUG received a Message which is transcribed as follows:

> This message is for Karl Krug, if this is not Karl Krug, please hang-up. By continuing to listen to this message you acknowledge that you are Karl Krug. Please return the call to Fran Johnson; my number is 1-800-587-5714. Please return my call.

pds1508

31.     By way of example, on August 8, 2008, KRUG received a Message which is transcribed as follows:

> This message is for Karl Krug, if this is not Karl Krug, please hang-up. By continuing to listen to this message you acknowledge that you are Karl Krug. Please return the call to [inaudible] at 1-800-587-5714.

32.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     Each of the Messages was left by persons acting under the direction of and on behalf of SUPERIOR ASSET.

34.     Each of the Messages failed to identify SUPERIOR ASSET by its name as the caller.

35.     Each of the Messages failed to disclose that the communication was from a debt collector.

36.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

37.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

38.     At all times relevant to the collection of the alleged HSBC Obligation, there existed a principal-agent relationship between SUPERIOR ASSET and ARROW.

pds1508

39.     At all times relevant to the collection of the alleged HSBC Obligation, SUPERIOR ASSET was the agent for ARROW, acting within the course and scope of its employment at the time of the incidents complained of herein, and was under the direct supervision, control, and approval of ARROW.

40.     As the principal and a debt collector, ARROW is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as SUPERIOR ASSET, working on its behalf to collect debts from consumers like KRUG.

## V.  FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41.     KRUG realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

42.     SUPERIOR ASSET violated the FDCPA. SUPERIOR ASSET's violations include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of SUPERIOR ASSET's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6); and

pds1508

(c)     Failing to disclose in all oral communications that SUPERIOR

ASSET is a "debt collector" in violation of 15 U.S.C. § 1692e(11).

## VI. SECOND CAUSE OF ACTION

## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

42.     KRUG repeats and realleges the preceding allegations as if set forth

here at length.

43.     The collection of a debt by ARROW and SUPERIOR ASSET

constitute the "subsequent performance" of the "sale…of any merchandise" within

the meaning of the NJCFA.

44.     The messages left by SUPERIOR ASSET were in connection with the

collection of a debt.

45.     The FDCPA deems such messages to be harassing, oppressive or

abusive and false, deceptive or misleading.

46.     Consequently, having left such messages constitutes an unlawful

practice under the NJCFA.

47.     As a direct, proximate and legal cause of such unlawful practice,

KRUG has suffered damages and ascertainable losses including such "additional

damages" as are allowed under 15 U.S.C. §1692k(a)(2)(A).

48.     In accordance with N.J.S.A. 56:8-20, KRUG intends to mail a filed

copy of this Complaint to the Attorney General of the State of New Jersey.

pds1508

## VII. THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

41.    KRUG repeats and realleges the preceding allegations as if set forth here at length.

42.    Implied into every contract is each party's implied covenant of good faith and fair dealing.

43.    Such covenant was implied in the contractual credit transaction between KRUG and HSBC Obligation.

44.    Such covenant included that KRUG and HSBC would not engage in unlawful conduct when attempting to enforce their contract.

45.    ARROW, as successor in interest to HSBC, is bound by the terms of the contractual relationship between KRUG and HSBC, including the implied covenant of good faith and fair dealing.

46.    ARROW, through the use of the services of SUPERIOR ASSET, breached the implied covenant of good faith and fair dealing, when SUPERIOR ASSET engaged in conduct declared unlawful by the FDCPA and the NJCFA.

47.    A breach of the covenant of good faith and fair dealing entitles the non-breaching party to recover, *inter alia*, punitive damages.

pds1508

## VI.  PRAYER FOR RELIEF

43.      WHEREFORE, KRUG respectfully requests that the Court enter judgment against SUPERIOR ASSET and ARROW, jointly and severally, for:

(a)     An award of the maximum statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and

(b)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3) and N.J.S.A. 56:8-19; and

(c)     Treble the amount of any proven ascertainable loss pursuant to N.J.S.A. 56:8-19; and

(d)     Punitive damages; and

(e)     For such other and further relief as may be just and proper.

Dated: August 6, 2009

**WACKS & HARTMANN, LLC**

*/s/ Philip D. Stern*

PHILIP D. STERN
Attorneys for Plaintiff, Karl W. Krug

pds1508